#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **J.K.**, *et al.*, | |
| *Plaintiffs*, | |
| v. | **Civil No.: 1:25-cv-00483-JRR** |
| **DR. MARK T. BEDELL**, *et al.*, | |
| *Defendants*. | |

#### MEMORANDUM OPINION

Pending before the court is Plaintiffs' Consent Motion to Proceed Anonymously and Seal the Complaint and Administrative Record (ECF No. 2; the "Motion").[1] The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be granted.

I. **BACKGROUND**

On February 14, 20245, Plaintiffs J.K., a minor by his parent and next friend, L.K., as well as his parent, L.K., individually and on behalf of J.K., filed the Complaint against Defendant Dr. Mark T. Bedell, as Superintendent of Anne Arundel County Public Schools, and Defendant Anne Arundel County Board of Education for violations of the Individuals with Disabilities Education Act and Maryland law. (ECF No. 1.) J.K. is a fifteen year old child with a disability. *Id.* ¶ 4. The allegations in the Complaint concern J.K.'s eligibility for special education services. *Id.* ¶ 1. On February 14, 2025, Plaintiffs filed their Consent Motion to Proceed Anonymously and Seal the Complaint and Administrative Record (ECF No. 2) to permit all Plaintiffs (J.K. and L.K.) to proceed by their initials in this action, as the litigation will involve "confidential education records

---

[1] The court construes Plaintiff's request to proceed "Anonymously" as a request to proceed under the pseudonym "L.K." (ECF No. 2-1 ¶ 10 ("Plaintiffs seek to proceed anonymously using initials only (L.K.)").

and personally identifiable information directly related to the student." (ECF No. 2-1 ¶ 2.)

## II. ANALYSIS

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties. FED. R. CIV. P. 10(a). Notably, however, Rule 5.2(a)(3) requires that a filing may only include a minor's initials. FED. R. CIV. P. 5.2(a)(3). In exceptional circumstances, the court may allow a party to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014). Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274.

The Fourth Circuit provides five non-exhaustive factors that courts should consider to determine whether to grant a request to proceed pseudonymously:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

Rule 5.2(a)(3) supports J.K.'s request to proceed by use of his initials. Accordingly, the court's remaining analysis concerns whether Plaintiff L.K. may similarly be permitted to proceed by pseudonym.

With respect to the first factor, Plaintiffs' request for a pseudonym must be for the purpose

of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238. Here, J.K.'s disability and related medical information and educational records, especially as a minor, undoubtedly concern sensitive, highly personal information. *Cf. Heward v. Bd. of Educ. of Anne Arundel Cnty.*, No. CV ELH-23-00195, 2023 WL 6067072, at *3 (D. Md. Sept. 15, 2023) ("[C]ourts have found a compelling government interest in sealing personal information, especially when relating to minors."); *A.P.G. by Jones v. Fisher-Price, Inc.*, No. 3:22CV112 (DJN), 2023 WL 4406023, at *4 (E.D. Va. July 7, 2023) ("[C]ourts have held that minors' privacy interests in medical and financial information sufficiently outweigh the common law right of access." (citation omitted)). Plaintiffs contend that releasing J.K.'s "confidential and personally identifiable information most likely will jeopardize [his] education and professional future, as well as have an impact on him socially." (ECF No. 2-1 ¶ 4.) Such a concern "go[es] beyond 'merely [seeking] to avoid the annoyance and criticism that may attend any litigation.'" *J.C. v. McKnight*, No. CV DKC 23-2019, 2023 WL 5487216, at *2 (D. Md. Aug. 24, 2023) (quoting *James*, 6 F.3d at 238).

In the instant case, Plaintiffs' allegations pertain to the aforementioned sensitive topics—J.K.'s disability. (ECF No. 1 ¶ 4.) While the sensitive information does not pertain to L.K. specifically, disclosure of L.K.'s identity would pose a significant risk that J.K. would be identified as the minor child at issue. The court concludes that Plaintiffs' allegations related to the minor J.K.'s disability is a matter of a highly sensitive and personal nature; therefore, the first factor weighs in favor of allowing Plaintiffs to proceed by pseudonym. *James*, 6 F.3d at 238.

The second factor considers whether denying the Motion would "pose[] a risk of retaliatory physical or mental harm" to Plaintiffs. *Id.* While reputational risks alone may not be "sufficient

to outweigh the public interest in the openness of this litigation," *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 809 (E.D. Va. 2012), there is a risk of retaliatory or mental harm where a plaintiff "may face psychological harm from having [his] sensitive" information "made permanently available to anyone with Internet access." *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). Where "there could be some risk of mental harm to plaintiff upon public dissemination of her identity in connection with" sensitive personal information, anonymity may be warranted. *Doe v. Chesapeake Med. Sols., LLC*, No. CV SAG-19-2670, 2020 WL 13612472, at *2 (D. Md. Feb. 26, 2020). Plaintiffs assert that releasing J.K's confidential and personally identifiable information will negatively impact him socially and may result in emotional harm. (ECF No. 1 ¶¶ 4, 5.) *See Spoa, LLC*, 2013 WL 5634337, at *3, *supra*. Therefore, the second factor weighs in favor of the Motion.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238. *See Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024) ("[F]ictitious names are often allowed when necessary to protect the privacy of children . . . "(citations omitted)). Plaintiffs include a minor child and his adult parent, and the allegations specifically concern the minor child. (ECF No. 1 ¶ 2.) Identification of L.K. as Plaintiff would likely identify the minor child. Accordingly, the third factor weighs in favor of allowing Plaintiffs to proceed by pseudonym.

The fourth *James* factor considers whether Plaintiffs' action is against a governmental entity or, instead, a private party whose reputation may be harmed unfairly if Plaintiffs are permitted to proceed anonymously. "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe*

*v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004).  "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm."  *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012).  This action is against a government entity and a government actor; thus the fourth factor weighs in favor of allowing the parties to proceed with pseudonyms.

With respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."  6 F.3d at 238.  Where Defendants know the true identity of Plaintiffs, and are "fully capable of investigating and responding to the allegations," there is no risk of prejudice to Defendants' defense.  *Spoa, LLC*, 2013 WL 5634337, at *3.  *See Alger*, 317 F.R.D. at 41 (finding that the fifth factor weighs in favor of anonymity where the defendants are fully aware of the plaintiff's identity and fail to articulate how they would be prejudiced in their defense).  Here, while no party addresses this, Defendants consent to the Motion, suggesting Defendants either know the identities of Plaintiffs or foresee no prejudice to their defenses to the claims.  (ECF No. 2 ¶ 12.)  Therefore, the fifth factor weighs in favor of granting the Motion.

Upon consideration of the *James* factors, the court concludes that this case implicates a minor Plaintiff's privacy interests pertaining to sensitive and personal matters, which "substantially outweigh the presumption of open judicial proceedings."  *Pub. Citizen*, 749 F.3d at 274, *supra*.  Accordingly, allowing Plaintiffs to proceed in this action as J.K. and L.K. is warranted.  The court will order that any document that identifies either Plaintiff by name, in whole or in part, shall be filed under seal, with copies redacted of their true names to be placed in the public file.

### III.   CONCLUSION

For the reasons set forth herein, by separate order, Plaintiffs' Consent Motion to Proceed

Anonymously and Seal the Complaint and Administrative Record (ECF No. 2) will be granted.

/S/

March 3, 2025

_____
Julie R. Rubin
United States District Judge